IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**JANE DOE, a Minor, By and Through
Her Mother and Next Friend, Susan
Doe**                                                        **PLAINTIFFS**

V.                                **NO. 2:10-CV-00109 JLH**

**ANDREW T. GAY, Individually and in
His Official Capacity as an Officer or
Agent of the Marianna Police Department;
And the CITY OF MARIANNA**                      **DEFENDANTS**

## AGREED PROTECTIVE ORDER

Both the Plaintiff and Defendant the City of Marianna, Arkansas ("the City") have requested discovery of records containing sensitive, personal, and confidential information.[1] In order to permit the parties adequate access to the records necessary to completely present this case herein, and, at the same time to protect the personal privacy of the Plaintiffs, the City and the City's employees, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. Defendants have agreed to produce complete unexpurgated copies of personnel files of various employees, internal investigation files and/or disciplinary actions and any documents relating thereto pursuant to the Arkansas Rules of Civil Procedure.

2. Plaintiffs have agreed to produce complete unexpurgated copies of medical and school records of the minor Plaintiff, Jane Doe.

---

[1] Separate Defendant Andrew T. Gay was served on November 9, 2010. He has not filed a responsive pleading nor has a notice of appearance of counsel been filed on his behalf.

3. The documents listed in paragraphs 1 and 2 shall be considered confidential.

4. Further, any documents produced in the future which are responsive to proper discovery requests that are reasonably calculated to lead to the discovery of admissible evidence and not otherwise objectionable and which both parties agree in writing are personal and private in nature shall be considered confidential and subject to the terms of this Order.

5. All confidential records or other information provided hereunder shall be used for the purpose of this litigation and none of the confidential material may be used for any other purpose whatsoever. Moreover, neither the parties nor their counsel may utilize directly or indirectly the confidential records, documents, or other information made available pursuant to this Order in any other administrative complaint, proceeding, or civil action.

6. All confidential records, documents, tapes or other information provided hereunder shall be retained in the custody of each party's counsel including their paralegal, secretarial staff, and/or other staff members, during the pendency of this litigation. Counsel may also provide copies of such confidential records, documents or other information to any expert witness[es] retained by the parties or persons frequently employed by such expert[s] whose review of the material is necessary for this litigation.

7. If confidential documents or records are used during depositions, the depositions shall be treated as confidential in accordance with this Order.

8. Any document, information or deposition designated as confidential under this Order shall, when filed with the Court, be clearly marked "confidential" sealed, placed in separate, secure storage by the Clerk, and opened only by authorized Court personnel.

9. The parties, their counsel and their staff and the retained expert witness/witnesses shall not in any manner, directly or indirectly, transfer confidential records, documents or other information provided hereunder or copies thereof or communicate, orally or in writing, any of the data contained in said material to any person.

10. Counsel, promptly upon completion of this litigation, or before if at such time they have no further use of the confidential information, whichever shall first occur, shall return to the opposing party all confidential materials produced, and all copies and extracts of data from such materials.

11. This Protective Order shall govern all pre-trial proceedings, but shall be subject to modification either before, during or after the trial on the merits, upon application of any of the parties to this lawsuit and for good cause shown.

12. The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate Order of this Court.

13. This Order is without prejudice to the rights of any party to make objections to the discovery as permitted by the Arkansas Rules of Civil Procedure, or by any statute or other authority.

IT IS SO ORDERED THIS 15th DAY OF February, 2011.

_____
The Honorable J. Leon Holmes
United States District Court

APPROVED AS TO FORM:

_____
Robert L. Beard, AR Bar No. 2002109
P.O. Box 38
North Little Rock, AR 72115
TELEPHONE: 501-978-6119
FACSIMILE: 501-537-7267
EMAIL: rbeard@arml.org

AND

_____
Thomas R. Greer, TN No. 24452
Bailey & Greer, PLLC
6256 Poplar Avenue
Memphis, TN 38119
TELEPHONE: 901-680-9777
EMAIL: tgreer@BaileyGreer.com