**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

JANE DOE, a minor, by and through　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFF
her mother and next friend, SUSAN DOE

v.　　　　　　　　　　　　　　　No. 2:10CV00109 JLH

ANDREW T. GAY, individually, and in his
official capacity as an officer or agent of the
Marianna Police Department; and the
CITY OF MARIANNA, ARKANSAS　　　　　　　　　　　　　　　　　　　　　　DEFENDANTS

**ORDER**

The plaintiff, who is a minor, alleges that Andrew Gay sexually assaulted her while he was on duty as a police officer for the City of Marianna. She also alleges that the City of Marianna was liable for Gay's conduct pursuant to 42 U.S.C. § 1983, the Arkansas Civil Rights Act, and Arkansas tort law. The City of Marianna filed a motion for summary judgment, which the Court granted in part and denied in part. The Court granted the City of Marianna's motion for summary judgment for claims brought under section 1983 but denied the claims brought under Arkansas law of torts. Later, the City of Marianna filed a supplemental motion and provided evidence to show that the City of Marianna is immune from suit under Arkansas law for torts. The Court then entered an order dismissing all remaining claims against the City of Marianna.

The plaintiff has now filed a motion asking the Court to enter final judgment as to the City of Marianna pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. That rule provides, in pertinent part:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, cross-claim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

For the reasons that follow, the Court has determined that there is no just reason for delay so that a final judgment should be entered as to the plaintiff's claims against the City of Marianna.

After the Court entered partial summary judgment in favor of the City of Marianna, counsel for the plaintiff and for the City of Marianna asked for and obtained a telephone conference with the Court. During that telephone conference, counsel for the plaintiff stated that it made no economic sense for his client to go to trial against Gay, alone. Consequently, the parties requested, and the Court granted, a continuance of the trial so that final issues with respect to the City of Marianna could be resolved and counsel for the plaintiff could study the issue of the best course of action for his client in view of the fact that the City of Marianna would likely be dismissed completely from the action.

Gay was served with summons and complaint on November 9, 2010. He never filed an answer or otherwise entered an appearance, although he has been deposed. The plaintiff has moved for a default, and the Clerk's entry of default has been filed. The plaintiff has now filed a motion for default judgment, which is the only remaining matter before the Court.

Based on these facts, the Court finds that there is no just reason for delay and a final judgment in favor of the City of Marianna should be entered. First, this matter is unlikely to result in piecemeal appeals. As noted, Gay has never entered an appearance and has never participated in this action. It is unlikely that, eighteen months after he was served, he will suddenly decide to participate vigorously in this action and appeal whatever is done. Furthermore, the issues ready for appeal are not significantly intertwined with the issues that remain before the Court. Should Gay appear and contest the default judgment, the Court would have to decide whether there is cause for setting aside the entry of default. That issue would not be significantly intertwined with the issues on appeal

regarding the City of Marianna. Assuming the default judgment is not set aside, the issue would be damages. It would be a far more efficient use of judicial resources to have the appeal of the City of Marianna decided before a trial on damages. If the plaintiff prevails on appeal, the case would come back for trial on the merits as to the City of Marianna. If the plaintiff prevailed as to the City of Marianna, the jury would determine the amount of damages, and the City of Marianna and Gay would be jointly and severally liable for those damages. On the other hand, if the City of Marianna prevails on appeal, then the plaintiff's only claim will be one for damages against Gay. If she then decides that she wishes to pursue the claims against Gay, alone, the Court could have a trial on damages.

On the other hand, if the Court were to deny the motion to enter a final judgment as to the City of Marianna and require the plaintiff to pursue her claims to a conclusion against Gay before she could take an appeal, there is the likelihood of duplicative litigation. The Court would have a damages trial as to the plaintiff's claims against Gay, and then if the plaintiff prevails on appeal, the Court would have a trial on the plaintiff's claims against the City of Marianna, which could require a second determination of the amount of damages.

For all of these reasons, the Court finds that there is no just reason for delay and expressly directs entry of a final judgment as to the plaintiff's claims against the City of Marianna.

IT IS SO ORDERED this 18th day of April, 2012.

_J. Leon Holmes_
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE